UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SALVADOR ROLAND CHAVEZ SOL,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO COUNTY JAIL FACILITY,<br><br>    Defendant. | Case No.  20-cv-01901-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Plaintiff, a detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis (dkt. 5) and has consented to the jurisdiction of a Magistrate Judge (dkt. 4).

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

1   rests.''" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state

2   a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

3   provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

4   a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

5   enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*,

6   550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a

7   claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has

8   recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can

9   provide the framework of a complaint, they must be supported by factual allegations. When there

10  are well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

12  (2009).

13   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

14  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

15  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

16  487 U.S. 42, 48 (1988).

17   **Legal Claims**

18   It is difficult to discern much of Plaintiff's complaint. The complaint will be dismissed

19  with leave to amend to provide more information and a clearer description of his claims. Plaintiff

20  must identify the specific defendants by name and describe how they violated his constitutional

21  rights. For example, with respect to Plaintiff's medical claim he must identify the defendant that

22  provided him with the medication, why he was provided with the medication, and more

23  information about whether he suffered a heart attack or other medical problems as a result.

24  Plaintiff must also write legibly so that the court can understand his allegations.

25   **CONCLUSION**

26   The complaint is **DISMISSED** with leave to amend in accordance with the standards set

27  forth above. The amended complaint must be filed within **forty-two (42) days** of the date this

28  order is filed and must include the caption and civil case number used in this order and the words

AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2020

ROBERT M. ILLMAN
United States Magistrate Judge

3