UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ROLAND CHAVEZ SOL,<br>　　　　Plaintiff,<br>　　v.<br>SAN FRANCISCO COUNTY JAIL FACILITY,<br>　　　　Defendant. | Case No. 20-01901 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a detainee at the San Francisco County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The matter was originally assigned to the Honorable Magistrate Judge Robert M. Illman, and Plaintiff consented to magistrate judge jurisdiction. Dkt. No. 4. On April 17, 2020, Judge Illman dismissed the complaint with leave to amend as it was difficult to discern much of the complaint. Dkt. No. 6 at 2. Plaintiff filed an amended complaint. Dkt. No. 7. Upon the order of Judge Illman, the matter was directed to be reassigned to a district judge pursuant to *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Dkt. No. 9. The matter was reassigned to this Court on July 10, 2020. Dkt. No. 10.

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Judge Illman dismissed the original complaint because it was partially illegible and difficult to understand. Dkt. No. 6 at 2. Plaintiff was advised that he must provide more information and a clearer description of his claims, identify the specific defendants by name, and describe how they violated his constitutional rights. *Id.* Plaintiff was also advised to write legibly so that the court can understand his allegations. *Id.*

Plaintiff's amended complaint does not correct the deficiencies from his original complaint. Plaintiff makes no specific allegations regarding the violation of his federal or constitutional rights nor does he identify any specific defendants by name. Plaintiff alludes to being cursed, fighting wars, and being unable to enjoy life. Dkt. No. 7 at 1-2. He alludes to not receiving the "right dose of meds" and that he has been subjected to more than one exorcism. *Id.* at 2. Plaintiff also claims that his ex-wife set him up along with an undercover officer. *Id.* at 3. Furthermore, he claims that someone is going to kill him and that his life is in danger every day. *Id*. None of these general and vague allegations are

sufficient to state a cognizable claim under § 1983.

Accordingly, the amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: _September 30, 2020____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\01901Chavez-Sol_dism(ftsac)

3