UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ROLAND CHAVEZ SOL,<br>Plaintiff,<br>v.<br>SAN FRANCISCO COUNTY JAIL FACILITY,<br>Defendant. | Case No. 20-01901 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Docket No. 13) |

Plaintiff, a detainee at the San Francisco County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Dkt. No. 1. On September 30, 2020, the Court conducted an initial screening of Plaintiff's amended complaint, Dkt. No. 7, and dismissed it for failure to state a claim for relief. Dkt. No. 12. Judgment was entered the same day. Dkt. No. 13.

On October 13, 2020, Plaintiff filed a letter which the Court construes as a motion

---

[1] The matter was originally assigned to the Honorable Magistrate Judge Robert M. Illman, and Plaintiff consented to magistrate judge jurisdiction. Dkt. No. 4. On April 17, 2020, Judge Illman dismissed the complaint with leave to amend as it was difficult to discern much of the complaint. Dkt. No. 6 at 2. After Plaintiff filed an amended complaint, Dkt. No. 7, Judge Illman directed the matter be reassigned to a district judge pursuant to *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Dkt. No. 9. The matter was reassigned to this Court on July 10, 2020. Dkt. No. 10.

for reconsideration because he requests to be "put… back on calendar." Dkt. No. 16 at 2. Plaintiff states that he recently came to understand "the answers to what the Courts want to move forward with my case." *Id.* at 1. He states that he has more complaints "since the last ones I sen[t] out," and provides a list of names without an explanation as to their significance. *Id.* at 1-2.

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

     Here, Plaintiff has set forth no basis for reconsideration under Rule 59(e): there has been no intervening change of controlling law, Plaintiff presents no new evidence, nor has there been clear error or manifest injustice. *Id.* Nor is there a basis for relief based on any of the factors under Rule 60(b). Accordingly, the motion for reconsideration is DENIED. Plaintiff may appeal this matter to the Ninth Circuit.

     Plaintiff's defense attorney in a pending state criminal action has filed a letter on his client's behalf, requesting copies of all correspondence between the parties and the Court so he can forward them to his client. Dkt. No. 15. There is nothing from Plaintiff's correspondence with the Court to suggest that he has not received a copy of all the court orders and notices in this matter. In the interest of justice, the Clerk shall enclose a printout of the docket of this matter with a copy of this order to Plaintiff from which he can identify missing documents and make a specific request for copies.

     The Clerk shall send a courtesy copy of this order to Plaintiff's criminal defense attorney at the address provided in his letter, along with a copy of the docket. Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: __December 14, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon.
PRO-SE\BLF\CR.20\01901Chavez-Sol_deny-recon